**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4649**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TEMEKA LASHELLE TANN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:06-cr-00005-H)

———————————

Submitted:  January 31, 2007          Decided:  March 1, 2007

———————————

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mitchell G. Styers, BANZET, THOMPSON & STYERS, P.L.L.C., Warrenton, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Temeka Lashelle Tann appeals her eighty-month sentence after pleading guilty to one count of conspiracy to distribute and possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Tann asserts the Government breached the plea agreement and committed prosecutorial misconduct. We affirm.

Tann asserts the Government breached the plea agreement by arguing at sentencing that Tann was not entitled to receive the stipulated reductions it contained. The Government counters that Tann's continued criminal conduct breached the plea agreement and, pursuant to the terms of the agreement, released the Government from its stipulations. Tann did not object to the Government's actions at sentencing, and she must therefore demonstrate plain error before she can obtain any relief. See United States v. Fant, 974 F.2d 559, 562 (4th Cir. 1992) (applying plain error analysis in context of breach of plea agreement).

We find the Government did not breach the plea agreement. The plea agreement clearly stated, "if [Tann's] conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors." Tann does not deny that she sold drugs after signing the plea agreement. Thus the Government was released from any further obligations in the plea agreement.

Tann also contends that the Government committed prosecutorial misconduct by knowingly allowing her to enter into a plea agreement while it withheld information that it used to justify its subsequent refusal to file a substantial assistance motion pursuant to U.S. Sentencing Guidelines Manual § 5K1.1. A claim of prosecutorial misconduct is reviewed "to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks and citation omitted). To prevail under this standard, Tann must show that "the prosecutor's remarks or conduct were improper and, second . . . that such remarks or conduct prejudicially affected [her] substantial rights" so as to deprive her of a fair trial. Id.

We find that Tann cannot meet this standard. The plea agreement clearly stated that the Government did not promise to file a § 5K1.1 motion. Moreover, at the Rule 11 hearing, Tann stated no one made undisclosed promises to induce her to plead guilty. She also confirmed that the plea agreement was the entire agreement between herself and the Government.

Accordingly, we affirm Tann's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.